Joshua Prince, Esquire
Attorney Id. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
888-202-9297 ext 81114
610-400-8439
Joshua@CivilRightsDefenseFirm.com

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 5:22-cr-00215-001 |
| : | |
| REUBEN KING : | |
| Defendant : | |

**DEFENDANT REUBEN KING'S MOTION TO DISMISS INDICTMENT**

Defendant Reuben King, by and through his counsel, Joshua Prince, Esq. and Civil Rights Defense Firm, P.C. hereby moves to dismiss the Indictment (ECF Doc. No. 1) pursuant to Federal Rule of Criminal Procedure 12(b)(1) for the reasons set forth in detail in the accompanying Brief in Support.

WHEREFORE, Defendant respectfully requests that this Court grant his Motion to Dismiss Indictment with prejudice.

Respectfully Submitted,

Date:   November 7, 2022

*/s/ Joshua Prince/*
Joshua Prince, Esq.
Attorney ID: 306521
Civil Rights Defense Firm, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
888-202-9297
610-400-8439 (fax)
Joshua@civilrightsdefensefirm.com

# APPENDIX A
(Do I Need A License to By and Sell Firearms? ATF Publication 5310.2, January 2016)

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives



# DO I NEED A LICENSE TO BUY AND SELL FIREARMS?

## Guidance to help you understand when a Federal Firearms License is required under federal law.



The guidance set forth herein has no regulatory effect and is not intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding, see United States v. Caceres, 440 U.S. 741 (1979).

# Table of Contents

**Introduction** .......................................................................................... ii

**Key Points** ........................................................................................... 1

**Legal Framework** ............................................................................... 2

**Gun Shows, Flea Markets, and Internet Sales** ............................. 3

**Guidance** ............................................................................................. 4

**Examples** ............................................................................................. 7

**Questions & Answers on Getting
a Federal Firearms License** ............................................................... 9

# Introduction

**The federal Gun Control Act (GCA) requires that persons who are engaged in the business of dealing in firearms be licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).** Federal firearms licensees (FFL) are critical partners in promoting public safety because—among other things—they help keep firearms out of the hands of prohibited persons by running background checks on potential firearms purchasers, ensure that crime guns can be traced back to their first retail purchaser by keeping records of transactions, and facilitate safe storage of firearms by providing child safety locks with every transferred handgun and having secure gun storage or safety locks available any place where they sell firearms. A person who willfully engages in the business of dealing in firearms without the required license is subject to criminal prosecution, and can be sentenced to up to five years in prison, fined up to $250,000, or both.

Determining whether your firearm-related activities require a license is a fact-specific inquiry that involves application of factors set by federal statute. This guidance is intended to help you determine whether you need to be licensed under federal law.

**Note that some states have more stringent laws with respect to when a state-issued license is required for selling a firearm. Please consult the laws of the state to ensure compliance.**

In addition, this guidance focuses on the question whether your firearm-related activities require you to obtain a license. There are other laws and regulations that govern the transfer of firearms—both between unlicensed individuals and from licensed dealers (e.g., unlicensed sellers may only lawfully sell to persons within their own state, and it is unlawful for either licensed or unlicensed sellers to sell firearms to persons they know or have reasonable cause to believe cannot lawfully possess them). **All persons who transfer firearms, regardless of whether they are engaged in the business of dealing in firearms, must ensure that any transfers are in compliance with federal, state and local laws.**

## Key Points

- Federal law requires that persons who are engaged in the business of dealing in firearms be licensed by ATF. The penalty for dealing in firearms without a license is up to five years in prison, a fine up to $250,000, or both.

- A person can be engaged in the business of dealing in firearms regardless of the location in which firearm transactions are conducted. For example, a person can be engaged in the business of dealing in firearms even if the person only conducts firearm transactions at gun shows or through the internet.

- Determining whether you are "engaged in the business" of dealing in firearms requires looking at the specific facts and circumstances of your activities.

- As a general rule, you will need a license if you repetitively buy and sell firearms with the principal motive of making a profit. In contrast, if you only make occasional sales of firearms from your personal collection, you do not need to be licensed.

- Courts have identified several factors relevant to determining on which side of that line your activities may fall, including: whether you represent yourself as a dealer in firearms; whether you are repetitively buying and selling firearms; the circumstances under which you are selling firearms; and whether you are looking to make a profit. Note that while quantity and frequency of sales are relevant indicators, courts have upheld convictions for dealing without a license when as few as two firearms were sold, or when only one or two transactions took place, when other factors were also present.

If you have any questions about whether you need a license under federal law, we recommend that you contact your local ATF office (https://www.atf.gov/contact/atf-field-divisions) to evaluate the facts and circumstances of your particular case.

# Legal Framework

 **Who needs a Federal license to deal in firearms?**

 Under federal law, any person who engages in the business of dealing in firearms must be licensed.

 **What does it mean to be "engaged in the business of dealing in firearms"?**

 Under federal law, a person engaged in the business of dealing in firearms is a person who "devotes time, attention and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms."

Under federal law, conducting business "with the principal objective of livelihood and profit" means that "the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection."

Consistent with this approach, federal law explicitly exempts persons "who make occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms."

 **Has ATF defined what it means to be "engaged in the business" of dealing in firearms?**

 ATF has published regulatory definitions for the terms "engaged in the business" and "principal objective of livelihood and profit." ATF's regulation defining when a person is "engaged in the business" of dealing in firearms is identical to the language of the statute, though in the definition of "dealer," ATF clarified that the term includes "any person who engages in such business or occupation on a part-time basis."

# Gun Shows, Flea Markets, and Internet Sales




*What if I only sell firearms at flea markets, gun shows or over the internet?*

**A person can be engaged in the business of dealing in firearms regardless of the location in which firearm transactions are conducted. A person can be engaged in the business of dealing in firearms even if the person only conducts firearm transactions from a location other than a traditional brick and mortar store.** Many licensed gun dealers conduct business at temporary locations such as qualified gun shows or events, and utilize the internet to facilitate firearm transactions. The question under federal law is not where firearm transactions are conducted, but rather is whether—under a totality of the circumstances—the person conducting those transactions is engaged in the business of dealing in firearms. The factors listed below apply to that determination regardless of where the firearm transactions occur.

The growth of new communications technologies and e-commerce allows sellers of firearms to advertise to an expansive market at minimal cost, and complete sales with minimal effort. While a collector or hobbyist may use the internet and other communication technology to sell a firearm without a license (provided that they comply with all other federal and state laws and regulations), those engaged in the business of dealing in firearms who utilize the internet or other technologies must obtain a license, just as a traditional dealer whose business is run out of a traditional brick and mortar store.

# Guidance

### A. Overview

**What activities require a dealer's license?**

Federal law does not establish a "bright-line" rule for when a federal firearms license is required. As a result, there is no specific threshold number or frequency of sales, quantity of firearms, or amount of profit or time invested that triggers the licensure requirement. Instead, **determining whether you are "engaged in the business" of dealing in firearms requires looking at the specific facts and circumstances of your activities.**

**As a general rule, you will need a license if you repetitively buy and sell firearms with the principal motive of making a profit. In contrast, if you only make occasional sales of firearms from your personal collection, you do not need to be licensed.** In either case, all of your firearms transactions are relevant, regardless of their location; it does not matter if sales are conducted out of your home, at gun shows, flea markets, through the internet, or by other means.

> *As a general rule, you will need a license if you repetitively buy and sell firearms with the principal motive of making a profit. In contrast, if you only make occasional sales of firearms from your personal collection, you do not need to be licensed.*

### B. Factors Identified by Federal Courts

Federal courts have identified several factors that can help you determine on what side of that line your activities fall. They include: whether you represent yourself as a dealer in firearms; whether you are repetitively buying and selling firearms; the circumstances under which you are selling firearms; and whether you are looking to make a profit. It is important to note that no single factor is determinative, and that the relative importance of any of the factors will vary depending on the facts and circumstances applicable to the individual seller.

> *Relevant factors: whether you represent yourself as a dealer in firearms; whether you are repetitively buying and selling firearms; the circumstances under which you are selling firearms; and whether you are looking to make a profit.*

- Are you representing yourself as a dealer in firearms?

    Perhaps the clearest indication of whether a person is "engaged in the business" of dealing in firearms can be found in what he or she represents to others. Some factors that may demonstrate that you intend to engage in the business of dealing in firearms include: representing yourself as a source of firearms for customers, taking orders, and offering to buy firearms to immediately resell. Your intent to engage in the business of

## Guidance *(continued)*

dealing in firearms can also be reflected by undertaking activities that are typically associated only with businesses—for example, creating a business entity or trade name for your firearms business, securing State and local business licenses to sell items that may include firearms, purchasing a business insurance policy or rider to cover a firearms inventory, commercial advertising, printing business cards, and accepting credit card payments.

- *Are you repetitively buying and selling firearms?*

    As noted above, there is no specific threshold number of firearms purchased or sold that triggers the licensure requirement. Similarly, there is no "magic number" related to the frequency of transactions that indicates whether a person is "engaged in the business" of dealing in firearms. It is important to note, however, that even a few firearms transactions, when combined with other evidence, can be sufficient to establish that a person is "engaged in the business" of dealing in firearms. For example, courts have upheld convictions for dealing without a license when as few as two firearms were sold, or when only one or two transactions took place.

    That said, courts have looked at both the quantity of firearms sold, as well as the frequency of sales, as relevant indicators. When combined with other factors, selling large numbers of firearms or engaging in frequent transactions may be highly indicative of business activity.

- *What are the circumstances under which you are selling firearms? Are you selling shortly after acquiring them? Repeatedly selling the same type of firearm? Or repetitively selling new firearms?*

    In addition to the volume and frequency of firearms transactions, the timing and circumstances surrounding firearm transactions are also significant indicators of whether a person is engaged in the business. Repetitively selling or offering to sell firearms shortly after they are acquired; "restocking" inventory; repetitively acquiring the same type of firearm or a large quantity of the same type of firearm, and then reselling or offering to sell those firearms; and/or repetitively acquiring and reselling or offering to sell firearms in unopened or original packaging (or in new condition), are all factors which individually or combined may indicate a person is engaged in the business.

- *Are you looking to make a profit?*

    As noted above, if you are repetitively buying and selling firearms "with the principal objective of livelihood and profit," you must be licensed. Because the key is *intent* or *objective*, the courts have made clear that a person can be "engaged in the business" of dealing in firearms without actually making a profit. In determining that intent or objective, courts have looked to prices that an unlicensed seller charges for firearms to determine if the principal objective of the seller is livelihood and profit. In some cases, prices reflect appreciation in actual market value resulting from having held a

## Guidance *(continued)*

firearm as part of a collection, or reflect a profit intended to be used to acquire another firearm as part of a collection. As a result, the fact that a transaction results in a profit for the seller is not always determinative.

Finally, it is important to note that courts have found that you can buy and sell firearms "with the principal objective of livelihood and profit" even if your firearm-related activities are not your primary business. In other words, you can still be "engaged in the business of dealing in firearms with the principal objective of livelihood and profit" if you have a full time job, and are buying and selling firearms to supplement your income. ATF regulations specifically note that the term "dealer" includes a person who engages in such a business or occupation on a part-time basis.

**Does a Curio and Relics Collector's license (C&R license) allow me to be engaged in the business of dealing in firearms?**

The C&R license does not allow for the licensee to repetitively buy and sell firearms with the principal motive of making a profit. It does not matter if the firearms being bought and sold are curios or relics, or newer firearms. If a C&R licensee wishes to engage in the business of dealing in firearms, he or she must apply for a different type of license that allows this activity.

**Do I need a license if I'm an auctioneer and simply auction guns for my customers?**

If you repeatedly conduct auctions for firearms that are first consigned to you for sale, and you intend to make money from those sales, you need a license. If, however, you simply offer auctioneer services without having the firearms transferred to you (for example, you are hired by the representative of an estate to travel to the location of the estate, assist the estate in conducting an auction, and the firearms remain the property of the estate until transfer to the buyer), you need not be licensed.

# Examples

While the determination of whether a person requires a federal firearms license is highly fact-specific, the following examples are provided to show how the factors identified by federal courts apply to common fact patterns. **Of course, the existence or absence of other facts not included in the examples may change the conclusion as to whether a person is engaged in the business and therefore must be licensed; hence, these examples are provided solely as general guidance.** For the purposes of these examples, assume that the sellers comply with all other relevant federal and state laws and regulations (for example, any unlicensed person makes only lawful sales to persons who reside in the same state).



**Bob inherits a collection of firearms from his grandfather. He would rather have cash than the firearms, so he posts them all online for sale. He makes no purchases, but over the course of the next year he sells all of the firearms he inherited in a series of different transactions. Bob does not need a license because he is liquidating a personal collection.**



**Joe recently lost his job, and to finance his living expenses he has been buying firearms from friends and reselling them though an internet site. He has successfully sold a few firearms this way, and has several more listed for sale at any one time. Joe must be licensed because he is repetitively buying and selling firearms with the primary objective of profit.**



**Sharon travels to flea markets the first Saturday of every month, buying undervalued goods, including firearms. The last Saturday of every month Sharon rents a booth at the flea market and sells her items at market value for a profit. She hopes to make enough money from these sales to finance a trip to Italy next year. Sharon must get a license because she is repetitively buying and selling firearms with the primary objective of profit.**



**David enjoys hunting and has a large variety of hunting rifles. He likes to have the newest models with the most current features. To pay for his new rifles, a few times a year David sells his older weapons to fellow hunters for a profit. David does not need to be licensed because he is engaging in occasional sales for enhancement of his personal collection.**



**Lynn regularly travels to gun shows around her state, rents space, and sells firearms under a banner stating "liquidating personal collection." Most of the firearms Lynn offers for sale she purchased from a licensed dealer in the prior weeks. Lynn is retired and hopes to supplement her income with the money she makes on the sales, although she has yet to turn a profit. Lynn must get a license because she is repetitively buying and selling firearms with a primary objective of profit.**

# Examples *(continued)*



**Scott has been collecting high-end firearms for years. In the six months before his son is about to enter college, Scott sells most of his collection in a series of transactions at gun shows, on the Internet, and to family and friends to provide funds to pay his son's college expenses. Scott does not have to be licensed, because he is liquidating part of a personal collection.**



**Debby has three handguns at home, and decides that she no longer wants two of them. She posts an advertisement in the local newspaper and sells the two handguns to a local collector. Debby does not need a license because she is not engaging in the repetitive purchase and resale of firearms as a regular course of trade or business.**



**Jessica enjoys shooting sports and frequently goes to shooting ranges and hunting clubs. To make some extra money, she buys firearms from a dealer who is willing to give her a discount, and resells them for a profit to acquaintances from the shooting ranges and hunting clubs. She has done this a few times a month for the last several months, and has been spreading the word that she has a source for other firearms. She passes out business cards with her name, phone number and email. Jessica must get a license because she is repetitively buying and selling of firearms with the primary objective of profit.**



**Doug regularly attends gun shows and rents a table to display firearms for sale. He gets firearms from a variety of sources, carefully logs each purchase into a book, and uses the purchase price to set a sales price that will realize him a net profit. Doug accepts credit card payments and typically sells multiple firearms at each of the gun shows he attends each year. He makes a substantial amount of money annually, and uses this money to live on. Doug must be licensed because he is repetitively buying and selling firearms with the primary objective of profit.**

# Questions & Answers On Getting A Federal Firearms License



### How do I become licensed?

The license application (called the ATF Form 7) is straightforward and can be found here: https://www.atf.gov/firearms/apply-license. In addition to the application itself, an applicant for a federal firearms license must also provide to ATF a photograph, fingerprints, and the license application fee, currently set at $200 for the initial three-year period, and $90 for each three-year renewal.



### What standards does ATF use to determine whether to give me a license?

ATF will approve an application for a federal firearms license if the applicant:

- Is 21 years of age or older;
- Is not prohibited from shipping, transporting, receiving or possessing firearms or ammunition;
- Has not willfully violated the GCA or its regulations;
- Has not willfully failed to disclose material information or willfully made false statements concerning material facts in connection with his application;
- Has a premises for conducting business; and
- The applicant certifies that:
  - the business to be conducted under the license is not prohibited by State or local law in the place where the licensed premises is located;
  - within 30 days after the application is approved the business will comply with the requirements of State and local law applicable to the conduct of the business;
  - the business will not be conducted under the license until the requirements of State and local law applicable to the business have been met;
  - the applicant has sent or delivered a form to the chief law enforcement officer where the premises is located notifying the officer that the applicant intends to apply for a license; and
  - secure gun storage or safety devices will be available at any place in which firearms are sold under the license to persons who are not licensees.



### What obligations will I have once I become licensed?

Licensed firearms dealers are subject to certain requirements under federal law, including running background checks on any non-licensed person prior to transferring a firearm (subject to narrow exceptions), keeping firearms transaction records so that crime guns can be traced to their first retail purchaser, and ensuring safety locks are provided with every handgun, and available in any location where firearms are sold.

# Questions & Answers On Getting A
# Federal Firearms License *(continued)*

**Licensees are also prohibited by law from knowingly transferring handguns to persons who do not reside in the State where the licensee's premises are located, and from knowingly transferring any firearm to underage persons and certain categories of "prohibited persons," including felons, persons who were involuntarily committed to mental institutions, and illegal aliens.** Under federal law, licensees are subject to inspection and are also required to respond to requests for firearms tracing information within 24 hours.

**This list is not all inclusive; more information about the requirements of having a federal firearms license can be found at *www.ATF.gov* and by contacting your local ATF Office. A list of local offices can be found at *https://www.atf.gov/contact/atf-field-divisions*.**



### What if I don't need to be licensed, but I want to make sure a background check is run on a potential purchaser of my gun?

Private, unlicensed sellers can help ensure that potential purchasers are not prohibited from possessing firearms by using a licensed dealer to facilitate the sale and transfer of a firearm. For a small fee, many licensed dealers will facilitate a sale of a firearm between two unlicensed individuals. This service provides both customers and the community assurance that individuals who want to purchase firearms undergo a comprehensive background check which helps to ensure the buyer is not prohibited from possessing a firearm, and can improve the ability of law enforcement to trace firearms if they are later recovered in a connection with a crime. In 2013, ATF published an open letter (https://www.atf.gov/file/56331/download) to licensed dealers educating them on how to facilitate private sales, and published ATF Procedure 2013–1 (https://www.atf.gov/file/88181/download), which provides further guidance. The decision to facilitate private sales is wholly voluntary on the part of the licensed dealer.

Additional information can be found at *www.atf.gov*.

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

99 New York Avenue, NE

Washington, DC  20226



ATF Publication 5310.2

January 2016

# APPENDIX B
(Valid-Without-Photo Identification Of Reuben King)



## CERTIFICATE OF NON-CONCURRENCE

I, Joshua Prince, Esq., hereby certify that I consulted with Assistant U.S. Attorney LaBar and was advised that the United States does not concur with this Motion to Dismiss.

                                              Joshua Prince, Esq.
                                              Attorney ID: 306521
                                              Civil Rights Defense Firm, P.C.
                                              646 Lenape Rd
                                              Bechtelsville, PA 19505
                                              888-202-9297
                                              610-400-8439 (fax)
                                              Joshua@civilrightsdefensefirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Defendant's Motion to Dismiss Indictment, Brief in Support, and Proposed Order were filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of these filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

Date:   November 7, 2022

                                              Joshua Prince, Esq.
                                              Attorney ID: 306521
                                              Civil Rights Defense Firm, P.C.
                                              646 Lenape Rd
                                              Bechtelsville, PA 19505
                                              888-202-9297
                                              610-400-8439 (fax)
                                              Joshua@civilrightsdefensefirm.com