IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 22-CR-215 |
| Plaintiff, | : | |
| vs. | : | |
| RUEBEN KING | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO MOTION FOR JUDGMENT AND
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

COMES NOW, Defendant Rueben King through the undersigned, Robert E. Barnes, hereby files this response to the government's motion for judgment and preliminary order of forfeiture. (Dkt. 73).

1. Defense preserves its objection from trial that the defendant is not guilty of the charges offense, and, as such, the itemized items sought to be forfeited are not subject to forfeiture under Section 924 of Title 18 of the United States Code;

2. Defense objects to the scope of the forfeiture, as almost all of the items sought to be forfeited were not "involved or used" in the charged offense, and, thus, not subject to forfeiture under Section 924 of Title 18 of the United States Code, as amended by the Firearms Owners' Protection Act of 1986 that sought to limit the scope of arms subject to forfeiture to those proven to be intended to be involved in the offense, pursuant to *Bryan v. United States*, 524 U.S. 183, n.23 (1998);

3. Defense objects to the forfeiture as none of the items were proven to be in "interstate or foreign commerce" as required under sections 924 and 922 of Title 18, and the Interstate Commerce Clause, pursuant to *United States v. Lopez*, 514 U.S. 549 (1995);

4. Defense objects to the forfeiture as an excessive fine under the Eighth Amendment, as grossly disproportionate to the permitted fine under the statute, at a rate of ten times higher or greater than the permitted fine, pursuant to *Austin v. United States*, 509 U.S. 602 (1993) and as applied to firearm seizures in *United States v. Ferro*, 681 F.3d 1105 (9th Cir. 2012);

5. Defense objects to the forfeiture as in violation of the rights preserved and protected under the Second Amendment, as the government has proven no history of these forfeiture laws precedential history at the time of the founding, pursuant to *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

WHEREFORE, Defendant respectfully objects to the government's requested forfeiture.

DATED: January 16, 2024

By:   /s/ Robert E. Barnes
       Robert E. Barnes
       Counsel for Defendant Rueben King
       Barnes Law, LLP
       700 S. Flower St., Ste. 1000
       Los Angeles, CA 90017
       Tel: (310) 510-6211/ Fax: (310) 510-6225
       E-mail: robertbarnes@barneslawllp.com

## CERTIFICATE OF SERVICE

It is hereby certified the foregoing RESPONSE was made through the Court's electronic filing and notice system (CM/ECF), or, as appropriate by sending of copy of the same by electronic mail to the following address:

JOSEPH A. LABAR
UNITED STATES ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106-4476
215-861-8516
Email: joseph.labar@usdoj.gov

DATED this 16th day of January 2024

/s/ Robert E. Barnes
Robert E. Barnes, Esq.