UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :        No 5:22-cr-00215
                                  :
REUBEN KING                       :

**O P I N I O N**
**Request for Early Termination of Probation - Denied**

**Joseph F. Leeson, Jr.**                                    **July 24, 2026**
**United States District Judge**

## I.    INTRODUCTION

Defendant Reuben King is currently serving a three-year term of probation, which is expected to expire on or about January 22, 2027. The United States Probation Office seeks early termination of King's remaining six months of probation due to his compliance with the conditions of his release and his integration into society. The Government does not oppose the Request. Nevertheless, for the reasons stated below, the Court denies the Request to terminate King's probation six months early.

## II.    BACKGROUND

Between October 24, 2019, and January 12, 2022, Defendant Reuben King dealt firearms without being licensed to do so. *See* Indict. 1, ECF No. 1. After a three-day trial, a jury convicted King of one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(a)(1)(D). *See* ECF No. 51. On January 23, 2024, King was sentenced to thirty-six months of probation and ordered to pay a $35,000 fine and a $100 special

assessment.[1] *See* J. 2–6, ECF No. 80; *see also* Sent'g Tr., ECF No. 108. The Court found that despite the serious nature and circumstances of the offense, King was a member of the Amish community, had been a farmer his whole life, and his "unique background ma[de] him . . . especially inappropriate to send . . . to prison." *Id.* at 24:1–25:14.

On July 17, 2026, the United States Probation Office submitted a Request for Early Termination to terminate King's probation six months early. *See attached* Req. The Probation Office asserts that King: (1) has successfully complied with the conditions of supervision; (2) has satisfied his Court-ordered financial obligations and maintained a stable residence and employment; and (3) has successfully satisfied all general and special conditions imposed by the Court along with meeting those criteria outlined by the Criminal Law Committee. *See* Req. 1. "On October 7, 2024, [] King's case was placed on the Low-Risk Supervision caseload due to his calculated minimal risk to reoffend on the Post-Conviction Risk Assessment (PCRA) tool utilized by the U.S. Probation Office." *Id.* The Government does not oppose the Probation Office's Request for early termination of probation. *See id.* at 2.

## III.     LEGAL STANDARD – Early Termination of Probation

After a defendant has served at least one year of probation, a district court has the discretion to terminate the remainder of the term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c). In weighing such a request, a district court must consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3564(c); *Esteras v. United States*, 606 U.S. 185, 217–18 n.5 (2025)

---

[1]     This sentence was below the Guidelines range of forty-one to fifty-one months' incarceration, one to three years of supervised release, and a fine of $35,000 to $250,000. *See* Presentence Rpt. ("PSR") 1. King was ineligible for probation under the Guidelines, although the statutory provisions allowed for one to five years' of probation. *See* PSR ¶¶ 69-70.

(Alito, J., dissenting) (explaining that consideration of the factors is mandated "to the extent they are relevant to the type of sentence in question"). "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *United States v. Melvin*, 978 F.3d 49, at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). The court's level of discretion is "considerable." *United States v. Sheppard*, 17 F.4th 449, 457 (3d Cir. 2021) (addressing motion for early termination of supervised release).

The applicable section 3553(a) factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) "the kinds of sentences available;" and (4) "the need to avoid unwarranted sentence disparities among [similarly situated] defendants."  18 U.S.C. § 3553(a)(2). Section 3553(a) directs the court to "impose a sentence sufficient, but not greater than necessary . . .

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Id.*

When analyzing requests for early termination of probation under Section 3564(c), "[d]istrict courts within the Third Circuit routinely apply the guidance applied by the Third Circuit when addressing motions for early termination of supervised release pursuant to [18 U.S.C. §] 3583(e)." *United States v. Tolley*, No. 21-194, 2025 WL 83745, at *1 (M.D. Pa. Jan. 13, 2025) (citations omitted). Courts have before suggested that "early termination of probation should be ordered only in extraordinary circumstances." *United States v. Guilliatt*, No. 01-408, 2005 U.S. Dist. LEXIS 3223, at *3 (E.D. Pa. Jan. 18, 2005). *See also United States v. Davies*,

746 F. App'x 86, 89 (3d Cir. 2018) (stating that "early termination of supervised release under §

3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen

circumstances' warrants it"). However, the Third Circuit Court of Appeals has made clear that "a

district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance

warrants early termination of a term of supervised release before granting a motion under 18

U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53 ("disavow[ing] any suggestion that new or

unforeseen circumstances must be shown"). "In other words, extraordinary circumstances *may*

be sufficient to justify early termination of a term of supervised release, but they are *not*

*necessary* for such termination." *Id.* (emphasis modified) (citing *United States v. Murray*, 692

F.3d 273, 279 (3d Cir. 2012)).

## IV.    ANALYSIS

This Court, after considering the relevant factors under 18 U.S.C. § 3553(a), concludes

that early termination of King's probation would not be in the interests of justice.

Initially, "the nature and circumstances of the offense" 18 U.S.C. § 3553(a)(1), do not

support terminating King's probation six months early. As this Court explained at the time of

sentencing when addressing this factor, "King sold five firearms to an undercover police officer"

in March 2020. Sent'g Tr. at 24:1-3. "After that sale, in June of 2020, ATF agents served Mr.

King with a cease-and-desist letter alerting him that his activities made him a dealer in firearms

and that he should stop selling firearms without a federally required license." *Id.* at 24:3-7. Yet,

King continued to sell firearms to undercover officers in November 2020, March 2021, and

December 2021. *See id.* at 24:7-12. ATF agents searched King's barn, finding 615 long guns,

"many of which were marked with price tags[,]" as well as "roughly 10,000 rounds of

ammunition, detailed records showing thousands of purchases over several years, and records

and receipts for advertisements of his gun sales placed in local papers." *Id.* at 24:13-21. Dealing such a large number of firearms without a license is a very serious offense. Nevertheless, after considering the submissions of the parties and other factors, this Court sentenced King to probation, which was not allowed under the Guidelines. The Court considered King's background, his lack of criminal history, and his religious circumstances in declining to sentence him to a term of incarceration. Still, "[t]he seriousness of the crime outweighs [King's] law-abiding history and characteristics and current circumstances[,]" weighing against terminating his probation early. *United States v. Harris*, No. 15-193, 2025 WL 1115016, at *3 (W.D. Pa. Apr. 15, 2025).

The Court also finds that early termination of probation would undermine the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A). As mentioned, King repeatedly sold firearms without a license, even after he received a cease-and-desist order. He had over 600 firearms in his barn, and a search also yielded 10,000 rounds of ammunition and detailed records showing thousands of purchases. The crime involved a series of conscious choices and disregard of the law. Had King received a sentence within the Guidelines range, it is likely that he would be incarcerated. These considerations weigh heavily against early termination of probation. *See Harris*, 2025 WL 1115016, at *3 (denying early termination of probation and noting that "[t]he seriousness of the crime is reflected by the sentencing guideline recommendation of 30-37 months in prison").

King himself is unlikely to engage in further criminal conduct but terminating King's probation early after he already received a tremendous break in the sentence would not adequately deter criminal conduct by others. *See Harris*, 2025 WL 1115016, at *3–4 (denying

072426

early termination of probation and noting that "a reduction in [the defendant's term of probation would not adequately deter criminal conduct by others[,]" even if the defendant was unlikely to reoffend).

The sentencing range established by the Sentencing Commission, *see* 18 U.S.C. § 3553(a)(4), weighs against terminating King's probation. The Guidelines sentencing range was forty-one to fifty-one months of imprisonment, followed by one to three years of supervised release. The Court granted a *significant* downward variance in imposing a thirty-six-month term of probation. Although King's Sentencing Guidelines did not allow for a probationary sentence, he nevertheless received probation because of his unique "history and characteristics" and the extreme unlikelihood of him reoffending. King "already benefited from a significantly reduced sentence[,]" and this factor weighs heavily against terminating his probation early. *Harris*, 2025 WL 1115016, at *4 (finding that the Guidelines weighed against terminating the defendant's probation early because the "court granted a significant downward variance and imposed a term of probation (24 months) that was less than the low end of the recommended term of imprisonment (30 months) and without any term of supervised release").

Additionally, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. § 3553(a)(6), weighs against terminating King's probation early. Rather, "[e]arly termination of the term of probation may exacerbate an unwarranted sentencing disparity between [King] and other defendants with similar records who have been found guilty of similar conduct." *Harris*, 2025 WL 1115016, at *4.

This Court recognizes that King has fully complied with the terms of supervision, paid his financial obligations in full, and maintained employment and residence. *See* Req. 1–2. However, compliance with probation conditions alone generally does not warrant early termination of probation. *See United States v. Singleton*, No. 22-116, 2024 WL 1214237, at *2 (W.D. Pa. Mar. 20, 2024) ("Defendant is to be commended for the positive strides she has made while on probation but complying with the conditions of probation is expected and required, and it does not justify the early termination of probation."); *see also United States v. Novak*, No. 23-705, 2025 WL 550678, at *3 (D.N.J. Feb. 19, 2025) (denying a motion for early termination of probation and finding that although the defendant complied with the conditions of probation and paid the fine, routine compliance with such conditions is expected and does not warrant early termination); *United States v. Cotter*, No. 09-190, 2014 WL 1653106, at *1 (W.D. Pa. Apr. 23, 2014) (denying a motion for early termination of probation because the "defendant's compliance with the terms of probation is neither exceptional nor extraordinary because that is what is required and expected of all defendants"). The Probation Office does not present any facts that justify terminating King's probation early beyond general compliance with the conditions of his probation. Thus, the Probation Office has not shown that the conditions of his probation are either too harsh or inappropriately tailored to achieve the goals outlined in § 3553(a). To the contrary, King is already under Low-Risk Supervision.

For all the aforementioned reasons, this Court remains satisfied that the initial term of thirty-six months of probation is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

072426

**V.      CONCLUSION**

After consideration of the factors in 18 U.S.C. § 3553(a), this Court finds that it is not in the interest of justice to terminate King's probation six months early.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge